UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAMS SCOTT & ASSOCIATES LLC, JOHN T. WILLIAMS,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES,<br><br>Defendant | Case No.: 3:22-cv-00229-RCJ-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiffs have filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1)[1]. Plaintiffs then filed a second motion asking the court to grant IFP status. (ECF No. 3.)

There are deficiencies with both the IFP application and the complaint that result in a recommendation that the IFP application be denied, and this action be dismissed.

Preliminarily, the court notes that this action is filed by Williams Scott & Associates LLC and John T. Williams. There is an IFP application signed by John T. Williams, but not one on behalf of Williams Scott & Associates LLC. There must be an application to proceed IFP by each Plaintiff.

---

[1] Plaintiffs' filing is titled a "motion to dismiss," but it proceeds with allegations and statements that lead the court to construe it as a complaint.

Next, while Mr. Williams may represent himself in federal court, the entity defendant—Williams Scott & Associates LLC—may not. Unless Mr. Williams is a licensed attorney, he may not represent Williams Scott & Associates LLC, and the entity defendant must secure counsel.

In any event, it is recommended that this entire action be dismissed for lack of jurisdiction and improper venue.

The complaint essentially takes issue with criminal proceedings that occurred in Georgia. Plaintiffs attack the validity of search and arrest warrants, indictments, prosecutions and sentences, and whether Plaintiffs received due process in the criminal case in Georgia.

The caption only names the United States, but elsewhere Plaintiff lists as defendants Janet F. King, a former U.S. District Court Judge in the Northern District of Georgia, and Richard J. Sullivan, a Circuit Judge for the Southern District of New York.

A civil action must be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

There is no indication that any of the individual defendants reside in the District of Nevada. Instead, the factual allegations, while confusing and disjointed, reveal that the underlying events took place in Georgia.

While Plaintiff sues the United States, he does not state any particular claim against the United States, and there are no specific allegations directed toward the United States. Insofar as Plaintiff is attempting to invoke the Federal Tort Claims Act (FTCA), the FTCA permits

individuals to sue the government for money damages to compensate for injuries arising out of the negligent acts of government employees. *See* 28 U.S.C. § 1346(b)(1). The conduct that is the subject of this action is not negligence on the part of government employees, but specific conduct undertaken with respect to an underlying criminal proceeding. If Plaintiffs wish to challenge a conviction, the remedy is a direct appeal in the court where the conviction was rendered, or possibly, a federal habeas action after all administrative remedies are exhausted.

In sum, Plaintiffs have not alleged that any defendant resides in Nevada or that any of the events giving rise to this action transpired here. Nor have they otherwise alleged any connection to the District of Nevada. Therefore, it appears the court lacks personal jurisdiction over the defendants, and venue is improper here.

This action should be dismissed, and the dismissal should be without prejudice to the extent Plaintiffs may file a complaint asserting plausible claims for relief in the correct court. However, this action should be administratively closed in the District of Nevada. As such, the pending application to proceed IFP by Mr. Williams should be denied as moot.

The court notes that the Plaintiffs have filed several other actions in this District that have been dismissed on similar grounds.[2] Plaintiffs are cautioned that any future filing that is improperly brought in the District of Nevada may be subject to a recommendation that Plaintiffs be deemed vexatious litigants. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

---

[2] *See* 3:20-cv-00019-RCJ-CLB, 3:20-cv-00058-MMD-WGC, 3:22-cv-00230-ART-CLB.

# RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action. The dismissal should be **WITHOUT PREJUDICE** to the extent Plaintiffs can assert plausible claims for relief in the correct court; however, the action should be administratively closed insofar as the District of Nevada is concerned. Mr. Williams' IFP application (ECF No. 1) and motion to grant the IFP application (ECF No. 3) should be **DENIED AS MOOT**.

The Plaintiffs should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 14, 2022

_____
Craig S. Denney
United States Magistrate Judge